Diane S. Sykes, OSB No. 980990
diane@dianessykeslaw.com
**Diane S. Sykes, Attorney at Law, P.C.**
5911 SE 43rd Avenue
Portland, Oregon 97206
Telephone: 503-504-7176

Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON - PORTLAND DIVISION

| | |
|---|---|
| JOSEPHINE CHUNG,<br><br>        Plaintiff,<br><br>    v.<br><br>DENIS MCDONOUGH, SECRETARY UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>        Defendant. | Case No. 3:24-cv-00359<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Race, Color and National Origin Discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2(a)(1); Retaliation (42 U.S.C. § 2000e-(3)(a).<br><br>**JURY TRIAL REQUESTED** |

## NATURE OF THE CASE

    1.    Defendant U.S. Department of Veterans' Affairs (hereinafter "DVA") discriminated against Plaintiff, Josephine Chung, a federal employee, on the basis of race, color and national origin, in violation of 42 U.S.C. § 2000e-2(a), by failing and/or refusing to hire Plaintiff and otherwise discriminating against Plaintiff in compensation, terms, conditions and privileges of employment. Defendant DVA further retaliated against Plaintiff for opposing unlawful discrimination after Plaintiff filed EEO complaints against DVA, in violation of 42 U.S.C. § 2000e-3(a).

Page 1 - **COMPLAINT**

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 42 U.S.C. § 2000e-16(c) and 42 U.S.C. § 2000e-5(f)(3).

3. The federal claims herein have substance sufficient to confer subject matter jurisdiction.

4. Actions complained of herein took place within the jurisdiction of the United States District Court, District of Oregon. Accordingly, venue in this judicial district is proper under 28 U.S.C. § 1391.

5. Plaintiff has exhausted her administrative remedies as a federal employee with the filing of an agency Formal Complaint of Discrimination (Case No. 200P-648-2022-147437), on November 1, 2022, and by requesting an administrative hearing before the Equal Employment Opportunity Commission (EEOC Case No. 550-2023-00219X) on April 14, 2023.

6. Plaintiff has further exhausted her administrative remedies as a federal employee with the filing of an agency Formal Complaint of Discrimination (Case No. 200P-648-2023-152117), on June 15, 2023, and by requesting an administrative hearing before the Equal Employment Opportunity Commission (EEOC Case No. 550-2024-00060X) on December 13, 2023.

7. On February 23, 2024, Plaintiff notified the EEOC of the intent to file the present litigation with respect to administrative complaints pending before the EEOC.

8. Plaintiff Chung's Title VII claims are ripe, as a civil action may be filed in U.S. District Court after 180 days from the date of filing an EEOC complaint if an appeal has not been

**Diane S. Sykes, Attorney at Law, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
diane@dianessykeslaw.com

filed and a final action has not been taken, pursuant to 29 C.F.R. § 1614.407(b). No final action has been taken by EEOC.

## PARTIES

9. Josephine Chung, (hereinafter "Plaintiff"), is an "individual" and eligible "employee," pursuant to 42 U.S.C. § 2000e(f) and 42 U.S.C. § 2000e-16 and sues in her individual capacity. Ms. Chung resides in Washington County.

10. At all times material to this complaint, the U.S. Department of Veterans' Affairs ("DVA"), is a federal agency with a principal place of business at 100 S.W. Main Street, Floor 2, Portland, Oregon, in Multnomah County. DVA is a "person" and "employer," pursuant to 42 U.S.C. § 2000e(a) & (b), and acts through its officers, agents and employees.

## FACTUAL ALLEGATIONS

11. On or about September 2015, Plaintiff Josephine Chung (hereinafter "Plaintiff") was hired as a Senior Social Worker at the U.S. Department of Veterans' Affairs (DVA) Portland VA Health Care System (hereinafter "DVA").

12. In November of 2016, Plaintiff applied for a promotional position as a Supervisory Social Worker, GS-13, at the DVA Mental Health Division Community Resource and Referral Center (CRRC). The position was awarded to Plaintiff's current supervisor, Rachel Carlson, a Caucasian female.

13. In 2017, former DVA Mental Health Division Clinical Director, Kristen Dunaway, a Caucasian female, began supervising DVA Social Worker Program Manager, Rachel Carlson, after Dunaway was promoted to Clinical Director.

Page 3 - **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
diane@dianessykeslaw.com

14. In 2019, Plaintiff was hired to a HUD-VASH Supervisory Social Worker (GS-12) and serves in that position to the present. Rachel Carlson continues to be Plaintiff's immediate supervisor.

15. Plaintiff has received excellent performance evaluations throughout her employment at DVA.

16. On many occasions, Plaintiff expressed interest to Ms. Carlson about advancing to a GS-13 Supervisory Social Worker position and requested opportunities for professional development from Carlson but those opportunities were denied.

17. Carlson afforded a less qualified, non-supervisory Caucasian employee, Lindsay Bittman, with professional development opportunities instead, such as:

(A) Assigning Bittman to cover Carlson's supervisory duties in her absence;

(B) Alerting Bittman to the former Social Worker Program Manager's impending retirement, Carlson's likely promotion to that position and an eventual CRRC Supervisory Social Worker vacancy;

(C) Actively encouraging Lindsay Bittman to apply for the CRRC Supervisory Social Worker position prior to the position posting despite Bittman's lack of supervisory experience; and

(D) Confiding information to Bittman which afforded her with an advantage in the hiring process, such as disclosing who had applied for the position and providing interview tips.

18. In 2022, Rachel Carlson was promoted to DVA Community Reintegration Services Director by Kristen Dunaway, creating a vacancy for a CRRC Supervisory Social Worker position.

Page 4 - **COMPLAINT**

19. Rachel Carlson was aware that Plaintiff was likely to apply for the CRRC Supervisory Social Worker position but offered no encouragement, opportunities for advancement or insider information, such as she afforded to Lindsay Bittman.

20. In May of 2022, Plaintiff applied for a CRRC Supervisory Social Worker position.

21. On May 31, 2022, Plaintiff interviewed for the CRRC Supervisory Social Worker position. Plaintiff's hiring panel consisted of Kristen Dunaway, Rachel Carlson and a Caucasian male employee, Cole Schnitzer.

22. The hiring panel did not consider the application materials, resumes or the supervisory experience of the candidates and based the selection decision entirely on the candidate interviews.

23. In June of 2022, Rachel Carlson selected Lindsay Bittman for the CRRC Supervisory Social Worker (GS-13) position despite Bittman having no prior experience supervising staff, over Plaintiff, who had fifteen (15) years of direct supervisory social worker experience and was managing two teams at the time of selection. Carlson informed Plaintiff that she was not selected because Bittman "did only slightly better than she did during the interview."

24. On November 1, 2022, Plaintiff filed a Complaint of Employment Discrimination via the DVA's internal EEO process.

25. Defendant's hiring managers and leadership were aware of Plaintiff's opposition to the DVA's discriminatory hiring practices and the filing of a Formal Complaint of Discrimination through the Agency EEO process.

**Diane S. Sykes, Attorney at Law, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
diane@dianessykeslaw.com

26. On March 15, 2023 date, Plaintiff applied for a CRRC Supervisory Social Worker Patient Care Line Manager (PCL Manager) vacancy.

27. On April 5, 2023, Plaintiff was interviewed by an exclusively Caucasian interview panel, consisting of Kristen Dunaway and others in leadership and management positions.

28. On April 24, 2023, Plaintiff was notified that she was not selected for the position.

29. Instead, an internal candidate with no supervisory experience was selected based on her interview, without consideration of the supervisory experience of the candidates.

30. Based on information and belief, the successful candidate for the 2023 non-selection is Caucasian and/or Caucasian-presenting.

31. On May 11, 2023, Plaintiff initiated informal EEO counseling for the 2023 non-selection to a Supervisory Social Worker Patient Care Line Manager (PCL Manager) position.

32. On June 15, 2023, Plaintiff filed a Formal Complaint of Discrimination in the agency EEO process.

33. Hiring official Courtney Covey-Lewis, Nursing Director, was also aware of Plaintiff's prior EEO complaint activities at the time that she selected another candidate for the 2023 Supervisory Social Worker Patient Care Line Manager (PCL Manager) position.

34. In both the 2022 hiring for the GS-13 CRRC Supervisory Social Worker position and 2023 hiring for the GS-13 Supervisory Social Worker Patient Care Line Manager (PCL Manager) position, members of the hiring panels were Caucasian.

Page 6 - **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
diane@dianessykeslaw.com

35.     Former Clinical Director Kristen Dunaway served on 2016, 2022 and 2023 hiring panels for supervisory positions Plaintiff applied but was not selected for, which were filled by Caucasian females instead. Dunaway supervised Plaintiff's current supervisor, Rachel Carlson, at the time that Carlson selected a less qualified Caucasian female candidate for the CRRC Supervisory Social Worker position.

36.     Based on information and belief, Defendant DVA Mental Health Division has predominantly hired Caucasian female staff to supervisory and leadership positions for the duration of Plaintiff's employment and likely longer.

## FIRST CLAIM FOR RELIEF
### Race, Discrimination-Title VII of the Civil Rights Act of 1964
(42 U.S.C. § 2000e-2(a)(1))

37.     Plaintiff realleges and incorporate paragraphs 1-36 as if fully stated herein.

38.     In violation of 42 U.S.C. § 2000e-2(a)(1), Defendant DVA failed or refused to hire Plaintiff because of Plaintiff's race.

39.     In violation of 42 U.S.C. § 2000e-2(a)(1), Defendant DVA intentionally discriminated against Chung in terms, conditions, privileges and benefits of employment because of her race.

40.     Pursuant to 42 U.S.C. § 2000e-5(g)(1) and 42 U.S.C. §§ 1981a(a)(1), plaintiff is entitled to economic damages, including but not limited to backpay, future lost earnings, employment benefits and other out-of-pocket expenses, plus interest, in an amount to be determined at the time of trial.

41.     Pursuant to 42 U.S.C. § 2000e-5(g)(1) and 42 U.S.C. §§ 1981a(a)(1), plaintiff is entitled to compensatory damages for loss of reputation, emotional and mental distress,

Page 7 - **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
diane@dianessykeslaw.com

degradation, embarrassment and humiliation for which plaintiff seeks compensation at an amount determined at trial.

42. Pursuant to 42 U.S.C. § 2000e(5)(g), plaintiff seeks injunctive relief, including reinstatement to a GS-13 Supervisory Social Worker position or equivalent position, restoration of leave benefits, equitable and declaratory relief; and

43. Pursuant to 42 U.S.C. § 2000e(5)(k), plaintiff seeks reasonable attorney fees, expert fees costs and disbursements.

## SECOND CLAIM FOR RELIEF
### Color Discrimination-Title VII of the Civil Rights Act of 1964
(42 U.S.C. § 2000e-2(a)(1))

44. Plaintiff realleges and incorporate paragraphs 1-43 as if fully stated herein.

45. In violation of 42 U.S.C. § 2000e-2(a)(1), Defendant DVA failed or refused to hire Plaintiff because of Plaintiff's color.

46. In violation of 42 U.S.C. § 2000e-2(a)(1), Defendant DVA intentionally discriminated against Chung in terms, conditions, privileges and benefits of employment because of her color.

47. Pursuant to 42 U.S.C. § 2000e-5(g)(1) and 42 U.S.C. §§ 1981a(a)(1), plaintiff is entitled to economic damages, including but not limited to backpay, future lost earnings, employment benefits and other out-of-pocket expenses, and interest, in an amount to be determined at the time of trial.

48. Pursuant to 42 U.S.C. § 2000e-5(g)(1) and 42 U.S.C. §§ 1981a(a)(1), plaintiff is entitled to compensatory damages for loss of reputation, emotional and mental distress, degradation, embarrassment and humiliation for which plaintiff seeks compensation at an

Page 8 - **COMPLAINT**

amount determined at trial.

49. Pursuant to 42 U.S.C. § 2000e(5)(g), plaintiff seeks injunctive relief, including reinstatement to a GS-13 Supervisory Social Worker position or equivalent position, restoration of leave benefits, equitable and declaratory relief; and

50. Pursuant to 42 U.S.C. § 2000e(5)(k), plaintiff seeks reasonable attorney fees, expert fees costs and disbursements.

### THIRD CLAIM FOR RELIEF
### National Origin Discrimination-Title VII of the Civil Rights Act of 1964
(42 U.S.C. § 2000e-2(a)(1))

51. Plaintiff realleges and incorporate paragraphs 1-50 as if fully stated herein.

52. In violation of 42 U.S.C. § 2000e-2(a)(1), Defendant DVA failed or refused to hire Plaintiff because of Plaintiff's national origin.

53. In violation of 42 U.S.C. § 2000e-2(a)(1), Defendant DVA intentionally discriminated against Chung in terms, conditions, privileges and benefits of employment because of her national origin.

54. Pursuant to 42 U.S.C. § 2000e-5(g)(1) and 42 U.S.C. §§ 1981a(a)(1), plaintiff is entitled to economic damages, including but not limited to backpay, future lost earnings, employment benefits and other out-of-pocket expenses, and interest, in an amount to be determined at the time of trial.

55. Pursuant to 42 U.S.C. § 2000e-5(g)(1) and 42 U.S.C. §§ 1981a(a)(1), plaintiff is entitled to compensatory damages for loss of reputation, emotional and mental distress, degradation, embarrassment and humiliation for which plaintiff seeks compensation at an amount determined at trial.

Page 9 - **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
diane@dianessykeslaw.com

56. Pursuant to 42 U.S.C. § 2000e(5)(g), plaintiff seeks injunctive relief, including reinstatement to a GS-13 Supervisory Social Worker position or equivalent position, restoration of leave benefits, equitable and declaratory relief; and

57. Pursuant to 42 U.S.C. § 2000e(5)(k), plaintiff seeks reasonable attorney fees, expert fees costs and disbursements.

## FOURTH CLAIM FOR RELIEF
**Retaliation for Exercising Protections under Title VII of the Civil Rights Act of 1964**
(42 U.S.C. § 2000e-3(a))

58. Plaintiff realleges and incorporate paragraphs 1-57 as if fully stated herein.

59. In violation of 42 U.S.C. § 2000e-3(a), defendant DVA intentionally discriminated against Chung for opposing defendant's unlawful employment practices and for testifying, assisting and participating in an EEOC investigation.

60. Pursuant to 42 U.S.C. § 2000e-5(g)(1) and 42 U.S.C. §§ 1981a(a)(1), plaintiff is entitled to economic damages, including but not limited to backpay, future lost earnings, employment benefits and other out-of-pocket expenses, and interest, in an amount to be determined at the time of trial.

61. Pursuant to 42 U.S.C. § 2000e-5(g)(1) and 42 U.S.C. §§ 1981a(a)(1), plaintiff is entitled to compensatory damages for loss of reputation, emotional and mental distress, degradation, embarrassment and humiliation for which plaintiff seeks compensation at an amount determined at trial.

62. Pursuant to 42 U.S.C. § 2000e(5)(g), plaintiff seeks injunctive relief, including reinstatement to a GS-13 Supervisory Social Worker position or equivalent position, restoration of leave benefits, equitable and declaratory relief; and

**Diane S. Sykes, Attorney at Law, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
diane@dianessykeslaw.com

63. Pursuant to 42 U.S.C. § 2000e(5)(k), plaintiff seeks reasonable attorney fees, expert fees costs and disbursements.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests the court to order the following relief:

1. Assume jurisdiction over each of the causes set forth herein;

2. For each of Plaintiff's FIRST, SECOND, THIRD and FOURTH claims for relief under Title VII-Race, Color and National Origin Discrimination and Retaliation- economic damages, including but not limited to backpay, future lost earnings, lost employment benefits and other out-of-pocket expenses; compensatory damages for loss of reputation, emotional and mental distress, degradation, embarrassment and humiliation in an amount to be determined at the time of trial; and injunctive relief, including reinstatement to a GS-13 Supervisory Social Worker position or equivalent position, restoration of leave benefits, equitable and declaratory relief.

3. Award plaintiff reasonable attorney fees, costs of suit, litigation expenses and expert witness fees, pursuant to 42 U.S.C. § 2000e(5)(k).

4. Order defendant to pay prejudgment and post judgment interest, as appropriate, on all amounts due to plaintiff as a result of this action; and

5. Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

///

///

///

Page 11 - **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
diane@dianessykeslaw.com

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

Dated this 27th day of February 2024.

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**

   */s/* Diane S. Sykes
Diane S. Sykes, Attorney at Law, OSB No. 980990

*Of Attorneys for plaintiff Josephine Chung*

Page 12 - **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
diane@dianessykeslaw.com